UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID MARSH,<br><br>                              Plaintiff,<br><br>v.<br><br>DR. RICKEY COLEMAN et al.,<br>                              Defendants. | Case No. 21-12476<br>Honorable Shalina D. Kumar<br>Magistrate Judge David R. Grand |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 71), ADOPTING THE REPORT AND RECOMMENDATION (ECF NO. 68), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 41) AND DEFENDANT COLEMAN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 45), AND GRANTING DEFENDANT MCCAULEY'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 42)**

## I.      Introduction

Plaintiff David Marsh, a pro se prisoner in the custody of the Michigan Department of Corrections ("MDOC"), filed this civil rights action under 42 U.S.C. § 1983 against defendants Dr. Rickey Coleman ("Coleman") and Health Unit Manager Susan McCauley ("McCauley"). ECF No. 1. Marsh alleges defendants were deliberately indifferent to his serious medical needs when they refused to give him footwear that fit his orthotic inserts, in violation of his Eighth Amendment rights, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as unspecified

Page **1** of **10**

federal law and VHA Directive 1601A.02(9). *Id.* This case was referred to the assigned magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 12.[1]

Marsh, McCauley, and Coleman each moved for summary judgement. ECF Nos. 41, 42, 45. The magistrate judge issued a Report and Recommendation ("R&R") recommending denial of Marsh's and Coleman's motions and the granting of McCauley's motion. ECF No. 68. Marsh filed timely objections to the R&R, McCauley filed a response, and Marsh filed a reply. ECF Nos. 71-73.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), a party may object to and seek review of a magistrate judge's report and recommendation. Any objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). *De novo* review requires at least a review of the evidence before the magistrate judge and a court may not act solely on the basis of a magistrate judge's report and recommendation.

---

[1] On February 15, 2022, this case was reassigned to the undersigned pursuant to Administrative Order 22-AO-004.

*See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, a court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In other words, objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*. A general objection, or one that merely restates the

arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* Accordingly, when an objection merely reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.,* 2018 WL 1516918, at \*2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017)).

### III.   Analysis

Marsh filed eight objections. The Court will address each one in turn.

### A. Objection 1

Marsh first objects to the R&R's reference to the prison's standard-issue footwear, the so-called "Bob Barkers," as having some connection to the former host of The Price is Right television show. Marsh denies knowledge of any such connection and urges the Court to conduct an investigation and take judicial notice of any facts discovered. The Court declines.

"Judicial notice is designed for situations where there is an indisputable fact upon which a party wishes to rely for his or her argument."

*Larr v. Mackey*, 2025 WL 3472965, at *1 (S.D. Ohio Dec. 3, 2025). Whether the footwear at issue has some personal or commercial connection to Bob Barker, the former game show host, has no bearing on the issues before the Court.[2] Accordingly, Marsh's first objection is overruled.

### B. Objection 2

Next, Marsh argues the magistrate judge overlooked and/or misinterpreted Coleman's initial approval of Marsh's podiatrist's recommendation for orthotics with athletic shoes. Marsh contends that Coleman's initial approval of orthotics with athletic shoes amounts to a binding admission by Coleman sufficient to establish the subjective component of his deliberate indifference claim.

Even assuming the record contains the admission Marsh identifies, the R&R addresses Coleman's initial approval of orthotics with athletic shoes. ECF No. 68, PageID.625. The Court agrees with the R&R's conclusion that the initial approval and subsequent denial raised a material question of fact as to the subjective component of Marsh's deliberate

---

[2] The prison's standard-issue footwear appears to be manufactured by the Bob Barker Company, founded by a Bob Barker apparently unrelated to the former game show host. *About Our Company*, BOB BARKER COMPANY, https://www.bobbarker.com/about-us (last visited Mar. 17, 2026).

indifference claim and thus warranted a denial of Coleman's summary judgment motion. *Id.*, PageID.624-27. Accordingly, Marsh's second objection is overruled.

### C. Objection 3

Marsh's third objection contests the same conclusion as his second objection. He asserts that the record evidence establishes the subjective component of Marsh's deliberate indifference claim. Marsh argues that Coleman's affidavit, stating that he exercised his informed medical judgment, shows there is no genuine dispute of material facts on the subjective component of his deliberate indifference claim.

The Court disagrees and, as noted above, finds there are questions of fact as to the subjective prong of his deliberate indifference claim. *Id.* At most, the asserted admission is one piece of the evidentiary record and does not eliminate all genuine disputes of material fact on Marsh's deliberate indifference claim. Accordingly, for the same reasons applied to Marsh's second objection, his third objection is overruled.

### D. Objection 4

In his fourth objection, Marsh asserts that Coleman perjured himself in his affidavit when he referred to the footwear at issue as "state tennis shoes." The R&R listed the various terminology used to describe the

footwear at issue, including "state athletic shoes," "state tennis shoes," "athletic shoes," "Bob Barkers," "orthotics with Athletic Shoes," and "New Balances." *Id.*, PageID.608, 610. Even if the use of one term over another in the affidavit could rise to the level of perjury, the remedy would certainly not be to grant Marsh's summary judgment motion. Marsh's allegation does not warrant modification of the R&R or a different ruling on the motion. Accordingly, Marsh's fourth objection is overruled.

### E. Objection 5

Marsh's fifth objection does not contest a particular conclusion from the R&R and appears to be a preamble to his eighth objection. In it, Marsh claims that Coleman is not an employee of the State of Michigan or the MDOC. Because Marsh's fifth objection does not raise a disputed issue, it is overruled.

### F. Objection 6

In his sixth objection, Marsh argues that neither Coleman nor McCauley directly examined Marsh or followed Marsh's podiatrist's recommendation, which alone is reason to grant his summary judgment motion. In support, Marsh cites *Rhinehart v. Scutt*. 894 F.3d 721 (6th Cir. 2018). But Marsh does not address the basis for the R&R's recommendation to deny his motion for summary judgment. The R&R does

not dispute that Marsh has asserted a valid claim with evidentiary support against Coleman for deliberate indifference. It merely concluded that "Marsh's proofs, construed in a light most favorable to [Coleman], are not so strong that 'no reasonable trier of fact could find other than for [him].'" ECF No. 68, PageID.621. Marsh does not meaningfully challenge this conclusion or offer any supporting argument or authority. Accordingly, Marsh's sixth objection is overruled.

### G. Objection 7

Marsh's seventh objection involves the definition of the medical notation "PRN" and whether McCauley "diverted" Marsh's request for replacement footwear to the prison quartermaster. Marsh claims that this action constitutes an absolute bar on her request for summary judgment.

McCauley's actions and responses to Marsh's complaints are straightforward. Marsh first raised the issue of improper footwear in November 2018. *Id.*, PageID.627-29. McCauley promptly asked a prison officer to replace Marsh's footwear. *Id.* Marsh then complained that the quartermaster did not give him the footwear he wanted. *Id.* McCauley did not agree that he was entitled to the specific footwear he wanted. *Id.* Nevertheless, she sought a review of what Marsh was authorized to receive. *Id.* Three days later, Coleman was presented with the request for

review. *Id.* Ultimately, Coleman "deferred" Marsh's request. *Id.* The Court agrees with the R&R's conclusion that McCauley's responses and actions to Marsh's complaints "belie[] a claim of deliberate indifference" against McCauley and show that she was not the cause of Marsh failing to obtain the footwear he wanted. *Id.,* PageID.629. Accordingly, Marsh's seventh objection is overruled.

### H. Objection 8

Finally, Marsh claims that McCauley, as an MDOC employee, refused to obey a directive arising out of his filing of an administrative grievance. According to Marsh, because McCauley did not obey the directive, this "clearly establishes [her] willful, wanton and reckless disregard of Plaintiff's serious medical needs." ECF No. 71, PageID.745. Marsh's objection ignores the R&R's conclusion that he failed to raise a material question of fact regarding whether McCauley knew that Marsh faced a substantial risk of serious harm, and disregarded that risk by failing to take reasonable measures to abate it—the subjective prong of his deliberate indifference claim. Marsh's objection does not explain how this conclusion is wrong, why it is wrong, or how *de novo* review would produce a different result on this particular issue. Accordingly, Marsh's eighth objection is overruled.

## IV.     Conclusion

For these reasons, the Court **OVERRULES** Marsh's objections, ECF No. 71, and **ADOPTS** the R&R, ECF No. 68, as the findings and conclusions of the Court. Accordingly, the Court **DENIES** Marsh's motion for summary judgment, ECF No. 41, **DENIES** Coleman's motion for summary judgment, ECF No. 45, and **GRANTS** McCauley's motion for summary judgment, ECF No. 42.

Marsh's claims against defendants under the Due Process and Equal Protection Clauses, other unspecified federal law, and under VHA Directive 1601A.02(9)(d), as well as all claims against McCauley are **DISMISSED WITH PREJUDICE**. Marsh's claim against Coleman for deliberate indifference under the Eighth Amendment shall proceed to trial.

**IT IS SO ORDERED.**

 s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: March 25, 2026